*Duncan* for plaintiff: *Fry & Pope* for defendants.

---

## McFadden *vs* Finnell *et al.*

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Assignor and Assignee. Equity jurisdiction.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

CHANCERY.

Case 40.

*October* 7.

McFADDEN, as assignee of a promissory note, executed by Harrison to R. & E. Crutchfield, with various prior assignments on it, sued his immediate assignor, (Finnell,) and the remote and intermediate assignors, in Chancery, alledging Finnell's removal from this State, a due prosecution of suit to judgment on the note, a prompt execution, and an official return of *nulla bona*, and praying for a decree for the amount paid by him to his immediate assignors.

All the defendants having answered and interpleaded among themselves, the Chancellor dismissed the bill absolutely, and McFadden seeks a reversal of that decree.

The jurisdiction of the Chancellor cannot be seriously doubted. Finnell's absence authorized a bill against him and the resident assignors, who were equitably liable to him and to McFadden; and besides, in such a case of multifarious assignments and liabilities, the last assignor has an equitable right to proceed against the first assignor by making all intermediate assignors parties, and thus prevent injurious circuity, multiplicity and delay.

We have not been able to perceive any sufficient ground for the decree of dismission.

The case stated.

The Chancellor has jurisdiction in behalf of assignee of a note, who has failed to receive satisfaction, after the use of due dilligence, the assignor being a non-resident, and may decree against a remote assignor, all proper parties being before the Court.

VOL. III.                    16,

McFADDEN
vs
FINNELL et al.

The fact that the defendant in the judgment had cash notes that might have been subjected by the chancel'r, where the fact was not known to the assignee, cannot affect the remedy of *assignee* vs *assignor*, where there has been due diligence, & a return of *nulla bona*, which is *prima facie* evidence of insolvency in such case.

There was certainly no want of legal diligence or apparent fidelity in the institution and prosecution of the legal remedy by McFadden against Harrison.

But the counsel for the defendants in error has argued, and perhaps the Chancellor decided, that as it appears from the deposition of Harrison himself, that when McFadden's *fi. fa.* was returned, he (Harrison) held bonds or other choses in action, which might have been subjected by bill in Chancery, under our statute of 1820, it was the legal duty of McFadden to file such a bill; and that, therefore, having failed to do so, he has no equitable title to recourse on the defendants, or any one of them. If this position cannot be maintained, the decree must be reversed; and we are of the opinion that it is indefensible.

Had there been either proof or strong presumption of McFadden's knowledge of the alledged choses in action, he ought, in our judgment, to have proceeded against them. As the depository of the note, and having an exclusive right to all remedies for enforcing it, he ought to have resorted to all the means of enforcement authorized by law, and which his assignor might, and (as a man of ordinary prudence,) probably would have used, had he not parted with his control over it.

Assignees are not bound to file bills of discovery, either to discover property subject to execution, or to compel a discovery of choses in action &c., without they have knowledge that they exist.

But on returns of *nulla bona*, bills for *mere discovery* are unusual, and to assignees they might also be perilous, so far at least as costs might be concerned, and injurious delay produced. Hence an assignee has never been required to file such a bill for the discovery of property legally subject to execution, but a simple return of "no property," is deemed *prima facie* sufficient to entitle him to recourse on his assignor. We can perceive no plausible reason why it would be more an assignee's duty to file a fishing bill for a discovery of an interest not legally subject to execution, than it would be to file such a bill for a discovery of property upon which, if discovered, his execution might be levied. If, however, notwithstanding an official return of *nulla bona*, the assignee knew that the debtor had property which might be levied on, the return alone would be insufficient proof of such vigilance and fidelity as would entitle him to sue his as-

signor. We would apply the same principle, and no other, to choses in action or equities which might be subjected by bill in Chancery.

But there is neither proof nor ground for presuming, in this case, that M'Fadden knew, or had any clue for believing, that Harrison had property, either legally or equitably subjectable to his judgment against him. We are of the opinion, therefore, that the official return imposed the burthen of proof on the defendants, and that proof merely of the fact that Harrison had choses in action unknown to McFadden, is insufficient to defeat his right to recourse, resulting *prima facie* from that return.

Consequently, the decree of the Chancellor must be reversed and the cause remanded.

*Pirtle* for plaintiff: *Guthrie* for defendants.